### No. 79

### SCHWARTZ et al v. CARLISLE TOWNSHIP BOARD OF EDUCATION

Ohio Appeals, 9th Dist., Lorain County
No. 268. Decided Oct. 23, 1923

866. OFFICERS—Under GC. 154-1 to 154-8 the Director of the Industrial Relations Department is vested with certain powers and duties—The Director has full control over Factory Inspector.

1065—SCHOOLS—School boards are not authorized to abandon school buildings or to sell bonds to erect new structures under GC. 7630-1 without election, by letter from factory inspector without seal of department prohibiting use of old building.

WASHBURN, J.

Epitomized Opinion
First Publication of this Opinion

This was an action by Schwartz and others to enjoin the issue and sale of $120,000 of bonds of Carlisle Township Rural School District on the part of the Board of Education. There were eight schools in the school district

in question instead of one centralized school. The bonds in question were issued for the purpose of providing the funds for the erection of two new school buildings. The Board levied a tax on the taxable property of the district for the payment of the bonds. This action by the board was taken without a vote by the people either as to the issuance of the bond or as to the levy of a tax in excess of the limitations fixed by general laws. As the lower court refused to grant an injunction, an appeal was prosecuted to the Court of Appeals. In granting the injunction the Court of Appeals held:

· 1. Under the law reorganizing the state government (GC., Secs. 154-1 to 154-8), the director of the Industrial Relations Department is to "exercise the powers and perform the duties vested by law in such department" (GC., Sec. 154-3).

2. The office of Chief of Division of Factory Inspection is under the "direction, supervision and control" of said Director, whose duty it is to prescribe the duties that shall be performed by such Chief of Division (GC., Sec. 154-8); the making of an order by said department prohibiting the use of school buildings is an official act required to be shown on the records of such department (GC., Sec. 154-18).

3. A letter on the stationery of the department, not bearing the seal of the department and not signed by the department, but merely signed "Yours truly, T. P. Kearns, Chief of Division," and mailed to a board of education, which letter purports to prohibit the use of nine school buildings in different parts of a school district (there being no record in the department of the authority of such Chief and no record in the department of any official action taken in reference to such letter, but merely a carbon copy of the letter kept on file) is not a valid order of such department prohibiting the use of such school buildings for their intended purpose and creating an emergency under GC., Sec. 7630-1, and does not authorize the board of education to issue and ·sell bonds to construct two new school buildings to take the place of said nine school buildings for the proper accommodation of the schools of the district.

Attorneys—H. A. Pounds, for Schwartz et al; Webber & Symons and Fauver & Cheney, for Board of Education; all of Elyria.